## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| BRANDY R. MCKINNON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:18-CV-00179-JRG-RSP |
| | § | |
| HOBBY LOBBY STORES, INC. AND | § | |
| KIM GREENLEE | § | |
| | § | |
| *Defendants*. | § | |

## SUPPLEMENTAL REPORT AND RECOMMENTATION

Previously, plaintiff Brandy McKinnon moved to nullify an arbitration award issued in favor of defendants Hobby Lobby Stores, Inc. ("HLS") and Kim Greenlee. Dkt. No. 81. In addition, HLS and Greenlee moved to confirm the same. Dkt. No. 87. Magistrate Judge Payne entered a Report and Recommendation, Dkt. No. 90, recommending the grant of Defendants' motion to confirm the arbitrator's decision to the extent that it dismissed the claims against HLS. With respect to Greenlee, the evidence in the record only confirmed that Greenlee was dismissed because she was "not a proper party," which was insufficient to conclude that the arbitrator dismissed Greenlee upon the merits. See Dkt. No. 87-3 p 2; Dkt. No. 87-5 p 11. As a result, it was recommended that the defamation claims against Greenlee be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

Defendants object to the Court's recommended dismissal without prejudice of Greenlee by arguing and supplying evidence to show that the arbitrator dismissed the defamation claim against Greenlee with prejudice after concluding that it was untimely brought. Dkt. Nos. 92, 96. After an independent review, we confirm the arbitrator's finding that McKinnon untimely raised the claim of defamation against Greenlee. From the date the action accrues, Texas provides a one-year

statute of limitations for libel and slander, and longerl two-year statute of limitations for torts generally.   Texas Civil Practices and Remedies Code §§ 16.002, 16.003.   McKinnon claims Greenlee made defamatory statements against McKinnon when McKinnon was terminated on November 18, 2014, and in HLS's response to the EEOC charge dated April 23, 2015, and finally when Greenlee spoke to Longview Police on January 23, 2016.  Suit was filed in this Court on May 2, 2018, more than two years after each claim of defamation was alleged to have accrued.

In addition to Defendants' objections, McKinnon objects to the Court's recommendation generally. Dkt. No. 94.  However, McKinnon's objections do not inject new facts or law that bring into question the earlier recommendation.

## AMENDED RECOMMENDATION

For the reasons discussed above, the Court amends its previous recommendation, Dkt. No. 90, and **IT IS RECOMMENDED** that McKinnon's motion to nullify the arbitration award should be **DENIED** and that HLS's motion to confirm the arbitration award should be **GRANTED** to confirm the arbitration award and **DISMISS with prejudice** McKinnon's claims against HLS and Greenlee.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to

this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 30th day of June, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE